CSXT, INC., Plaintiff,

v.

**MICHIGAN DEPARTMENT OF LABOR and the Michigan Department of Public Health, Defendants.**

**No. L88–144 CA.**

United States District Court, W.D. Michigan, S.D.

Dec. 21, 1988.

---

Frasco, Hackett & Mills by Patrick E. Hackett, Carol Hackett–Garagiola, Bloomfield Hills, Mich., CSXT Transp., Inc., Sally J. Kircher, Law Dept., Jacksonville, Fla., for plaintiff.

Frank J. Kelley, Atty. Gen. by Gregory T. Taylor, Asst. Atty. Gen., Labor Div., Lansing, Mich., for defendants.

## OPINION

BENJAMIN F. GIBSON, District Judge.

## INTRODUCTION

Plaintiff brings this action requesting an injunction restraining defendants from enforcing the Michigan Occupational Safety and Health Act ("MIOSHA") against plaintiff and declaratory judgment that certain provisions of MIOSHA are preempted by federal law. This cause of action originated when an employee of plaintiff CSXT railroad complained to the Michigan Department of Labor ("MDL") that creosote coated railroad ties were making him sick and were a hazardous material. Pursuant to the complaint, an MDL representative inspected plaintiff's railroad area and found numerous violations of MIOSHA:

1) failure to post the MIOSHA poster informing employees of MIOSHA's protections;

2) failure to post signs regarding hazardous materials;

3) failure to develop a written hazards communication program whereby a complete list of hazardous chemicals in the workplace is made known;

4) failure to make readily available a safety data sheet for each hazardous chemical in the workplace; and

5) failure to provide employees with information and training on hazardous chemicals in the area.

CSXT claims that statutes under which it was cited for violations are preempted by the Federal Railroad Safety Act ("FRSA"), 45 U.S.C. §§ 421 et seq., or the Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C.App. §§ 1801 et seq. CSXT moves for summary judgment on the grounds that FRSA and HMTA preempt state regulation of creosote treated railroad ties. CSXT also challenges the validity of the citations issued by the Michigan Department of Labor. The parties have stipulated that the Court should decide the factual issues in this case upon the affidavits presented. For the reasons stated, CSXT's motion for summary judgment is granted in part and denied in part.

## I. FRSA Preemption

The State of Michigan may pass occupational safety and health rules under the Federal Occupational Safety and Health Act ("OSHA"). Michigan has done so, enacting MIOSHA, but CSXT claims that MIOSHA is preempted by Title 45 United States Code Section 434 when it deals with railroad occupational safety.

Under Title 45 United States Code Section 434:

> The Congress declares that laws, rules, regulations, orders, and standards relating to railroad safety shall be nationally uniform to the extent practicable. A State may adopt or continue in force any law, rule, regulation, order, or standard relating to railroad safety until such time as the Secretary has adopted a rule, regulation, order, or standard covering the subject matter of such State requirement. A State may adopt or continue in force an additional or more stringent law, rule, regulation, order or standard relating to railroad safety when necessary to eliminate or reduce an essentially local safety hazard, and when not incompatible with any Federal law, rule, regulation, order, or standard, and when not creating an undue burden on interstate commerce.

The Court notes that there is no argument that defendants are attempting to regulate plaintiff's activities with respect to any local safety hazard. Defendants claim only that they may properly enforce its citations against CSXT because there is

no regulation "covering the subject matter" of defendants' citations. When there is no Federal Railroad Administration (FRA) regulation which "covers the subject matter", state regulation is not preempted if the FRA has not yet examined the subject matter.[1] *Missouri Pacific Railroad v. Railroad Commission of Texas*, 833 F.2d 570, 574–76 (5th Cir.1987) (citing *Ray v. Atlantic Richfield*, 435 U.S. 151, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978)). State regulation is preempted, however, if the FRA has examined the subject matter and found that no regulation was appropriate. *Id.*

FRA has analyzed the subject matter of occupational safety and determined that FRA regulations do not preempt regulation of "conditions not rooted in railroad operations nor so closely related to railroad operations as to require regulation by FRA in the interest of controlling predominant operational hazards." *Norfolk & Western Railroad v. Burns*, 587 F.Supp. 161, 165 (E.D.Mich.1984) (quoting Vol. 43, No. 50 Federal Register at 10587). The FRA intends to focus its resources on regulating "the safety of railroad operations." *Id.* Thus FRA regulations that pertain to conditions closely related to railroad operations preempt state occupational laws.

In this case, CSXT claims that creosote treated railroad ties are not subject to state regulation because the ties are closely related to railroad operations. According to Anthony E. Mohler, the creosote coated ties are shipped from West Virginia in gondola cars. Affidavit of Anthony E. Mohler, May 23, 1988, p. 2. CSXT has two ways of installing the ties. In the first method, the "tie unit method", the ties remain in the gondola cars until they are to be installed. *Id.* Since these gondola cars are at all times on the railroad track, and the ties are immediately installed once they leave the gondola cars, the Court concludes that all ties installed under the tie unit method are an integral part of railroad operations.

Under the "dig-in method", however, the ties are removed from the gondola cars and stockpiled "for further use". *Id.* at 3. The State claims that the ties they seek to regulate are not part of railroad operations because they are stockpiled in the railroad yard. The Court in *Burns* noted discarded ties that "are merely a product of sloppy housekeeping ... are not off limits to MIOSHA." *Burns*, 587 F.Supp. at 171. However, the *Burns* court also stated that stockpiled ties that are or about to become "an integral part of a railroad repair or a railroad construction ... would not be within the purview of MIOSHA." *Id.*

Mohler, in his affidavit, states these ties are stored "for further use." Mohler, at 3. From this statement, the Court concludes that stockpiled ties are or about to be an integral part of railroad repair. Accordingly, these ties cannot be regulated by MIOSHA because they are closely related to railroad operations.

CSXT's motion for summary judgment is therefore granted. Because the Court has found that the FRSA preempts state regulation of stockpiled ties, the Court need not consider CSXT's HMTA preemption argument.[2]

---

1. The legislative history of the FRSA indicates that Congress did not intend to allow for any permanent regulation by the states. *See Missouri Pacific Railroad v. Railroad Commission of Texas*, 850 F.2d 264, 268 n. 3 (5th Cir.1988). Congress merely intended the states to "play an important stopgap role in the safe transition from state to federal regulation of railroads." *Id.* Strictly speaking, the "covering the subject matter" preemption exception of Section 434 allows only for temporary regulation; the exception expires when the FRA examines the subject matter.

2. CSXT also requests this Court to invalidate the citations issued by the MDL. Although MDL regulation of stockpiled creosote ties is preempted by the FRSA, CSXT must exhaust its state remedies before this Court has jurisdiction to invalidate citations that were entered against CSXT. *Burns*, 587 F.Supp. at 168–69. Even though this case presents fourth amendment issues apparently not present in *Burns*, the state agency should have an opportunity to invalidate the citations, if necessary.